# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WARREN PARKS,<br>    Petitioner, | Case No. 1:17-cv-3 |
| vs. | Dlott, J.<br>Wehrman, M.J. |
| WARDEN, CORRECTIONAL<br>INDUSTRIAL FACILITY,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Putnamville Correctional Facility in Greencastle, Indiana, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 12). This matter is currently before the Court on respondent's motion to dismiss (Doc. 26), to which petitioner has responded (Doc. 29). For the reasons stated below, it is recommended that the motion be granted.

## I. BACKGROUND

In the petition, petitioner challenges his 1990 conviction in the Butler County, Ohio Court of Common Pleas. (*See* Doc. 4). On February 13, 1990, petitioner was sentenced to a prison term of 3-15 years after he pled guilty to one count of robbery. (Doc. 25, Ex. 2–4). On March 29, 1990, petitioner also pled guilty to one count of aggravated trafficking and was sentenced to a consecutive term of one year. (Doc. 25, Ex. 5–6). Petitioner did not file a direct appeal of his convictions, but on April 27, 1990 and October 5, 2012 respectively, filed unsuccessful motions for post-conviction relief and to seal his records of conviction. (*See* Doc. 25, Ex. 7, 10, 11).

On November 14, 1990, the trial court granted petitioner's motion for shock probation, suspending the remainder of petitioner's sentence and placing petitioner on probation for an indeterminate period not to exceed five years. (Doc. 25, Ex. 8).

After serving his Ohio sentences (*see* Doc. 25, Ex. 18 at PageID 135; Ex. 26 at PageID 218), petitioner filed a motion under Ohio R. Civ. P. 60(b) on October 27, 2015, arguing that the Ohio trial court lacked subject matter jurisdiction to convict and sentence him because his indictments were defective. (Doc. 25, Ex. 15). Petitioner's motion was denied by the trial court on January 27, 2016, affirmed by the Ohio Court of Appeals on July 11, 2016, and the Ohio Supreme Court declined jurisdiction over his subsequent appeal on November 23, 2016. (*See* Doc. 25, Ex. 18, 26, 29).

Petitioner is currently in the custody of the Indiana Department of Correction pursuant to his October 6, 2011 Wayne County, Indiana conviction for unlawful possession by a serious felon. (*See* Doc. 25, Ex. 1 at PageID 80).

Petitioner filed the instant habeas petition on December 26, 2016. As his sole ground for relief, petitioner challenges the subject matter jurisdiction of the Ohio trial court to convict and sentence him on his 1990 robbery and aggravating trafficking offenses. (*See* Doc. 4 at PageID 24–25).

Respondent has filed a motion to dismiss the petition on the ground that petitioner is no longer in custody pursuant to his Ohio convictions. Alternatively, respondent contends the petition should be dismissed because it is time-barred. (*See* Doc. 26). Petitioner opposes the motion to dismiss. (Doc. 29). According to petitioner, he meets the custody requirement on the basis that "[t]he Ohio conviction of robbery was use[d] in the State of Indiana, to convict Parks of possession of a firearm by a serious violent felon." (*Id.* at PageID 277–78). Petitioner also contests respondent's claim that his petition is time-barred.

## II. THE MOTION TO DISMISS SHOULD BE GRANTED

28 U.S.C. § 2254(a) provides that district courts have jurisdiction to entertain petitions for habeas relief "only from persons who are *in custody* in violation of the Constitution or law or treaties of the United States." *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (emphasis in original) (internal citation and quotation marks omitted). "[T]he habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* (citing *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968)). Except in limited situations not applicable to the case-at-hand, the custody requirement is not met if the petitioner files his habeas petition after the sentence imposed for the challenged conviction has "fully expired." *See id.* at 493–94; *see also Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001); *Steverson v. Simmers,* 258 F.3d 520, 522–25 (6th Cir. 2001). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction," such as the inability to vote, engage in certain businesses, hold public office or serve as a juror, "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Maleng,* 490 U.S. at 492. *See also White v. Kapture,* 42 F. App'x 672, 673–74 (6th Cir. 2002). Furthermore, the "in custody" requirement is not satisfied "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [an individual] is convicted." *Maleng,* 490 U.S. at 492.

In this case, the Court lacks jurisdiction to consider the habeas corpus petition challenging petitioner's 1990 Ohio conviction because petitioner was not in custody pursuant to the Ohio conviction when he filed his petition. As noted above, petitioner has fully served his Ohio sentence and has been in custody for his 2011 Wayne County, Indiana conviction since October 6, 2011. (*See* Doc. 25, Ex. 1). Petitioner is therefore no longer "in custody" based on

the challenged conviction and the Court lacks jurisdiction over the petition. *See Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original); *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (noting that "an individual is 'in custody' for habeas purposes when he is in actual, physical custody in prison or jail *or* when he is subject to significant post-release restraints on his liberty that are not shared by the public generally," which includes individuals subject to post-release control) (emphasis in original) (quotations and citations omitted). *See also Bennington v. Dewine*, No. 1:14-cv-688, 2015 WL 1914318, at *5 (S.D. Ohio Apr. 27, 2015) (M.J. Litkovitz), *adopted* 2015 WL 2452623 (S.D. Ohio May 21, 2015) (Dlott, J) (finding that petitioner's prior filed civil rights complaint should not be construed as a habeas corpus petition because the Court would not have jurisdiction over the petition because petitioner is no longer in custody).

As to petitioner's claim that his Ohio sentence enhanced the sentence for which he is currently in custody, this argument does not impact the Court's custody analysis. As the Sixth Circuit recently noted in *In re Lee*, 880 F.3d 242, 243–44 (6th Cir. 2018), "[t]he Supreme Court has made clear that a petitioner is not 'in custody' under a conviction 'whose sentence has fully expired at the time his petition is filed,' even if that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction.'" *Id.* (quoting *Maleng,* 490 U.S. at 491 and citing *Steverson*, 258 F.3d at 522–23).

Accordingly, the undersigned concludes that the Court does not have jurisdiction over the petition and that respondent's motion to dismiss (Doc. 26) should be **GRANTED**.

**IT IS SO RECOMMENDED.**

                                          s/ J. Gregory Wehrman
                                          J. Gregory Wehrman
                                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WARREN PARKS,<br>    Petitioner, | Case No. 1:17-cv-3 |
| | Dlott, J. |
| vs. | Wehrman, M.J. |
| WARDEN, CORRECTIONAL<br>INDUSTRIAL FACILITY,<br>    Respondent. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).